1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIA DELOS SANTOS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 13-2088 RNB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

19     Plaintiff filed a Complaint herein on March 22, 2013, seeking review of the

20 Commissioner's denial of her application for a period of disability and disability

21 insurance benefits.  In accordance with the Court's Case Management Order, the

22 parties filed a Joint Stipulation on December 4, 2013.  Thus, this matter now is ready

23 for decision.[1]

24 _____

25     [1]     As the Court advised the parties in its Case Management Order, the

26 decision in this case is being made on the basis of the pleadings, the administrative

27 record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance

28 with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined

which party is entitled to judgment under the standards set forth in 42 U.S.C. §

1    Although plaintiff framed the sole disputed issue in the Joint Stipulation as

2    whether she "received a meaningful vocational assessment" (see Jt Stip at 3), the crux

3    of the issue is not whether the vocational expert's testimony was supported by

4    substantial evidence, but rather whether the residual functional capacity ("RFC")

5    determination of the Administrative Law Judge ("ALJ") properly included all of

6    plaintiff's limitations, particularly the limitations assessed by the examining

7    psychiatrist.

8

9                                    **DISCUSSION**

10   A.   <u>Background</u>

11         The examining psychiatrist, Dr. Johnson, conducted a complete psychiatric

12   evaluation of plaintiff.  He diagnosed her as suffering from depression.  (See 2 AR

13   796.)  In the functional assessment part of his report, Dr. Johnson stated, in pertinent

14   part, that he had found "no evidence of cognitive deficits, perceptual disturbances, or

15   delusional disorders at this time."  (See 2 AR 797.)  However, Dr. Johnson also

16   opined that plaintiff would be "able to follow one and two part instructions" and

17   "adequately remember and complete simple tasks."  (See <u>id.</u>)

18         Based on Dr. Johnson's psychiatric evaluation, a state agency physician, Dr.

19   Amado, completed a Psychiatric Review Technique form ("PRTF").  (See 2 AR 798-

20   808.)  In the PRTF, Dr. Amado opined that plaintiff had a "non-severe" psychiatric

21   impairment, based on a "benign" mental status examination (apart from plaintiff's

22   depressed mood or affect) and Dr. Johnson's finding that plaintiff was "unrestricted

23   for at least simple tasks."  (See 2 AR 808.)

24         In his decision, the ALJ discussed both Dr. Johnson's psychiatric evaluation

25   and Dr. Amado's opinion.  (See 1 AR 25, 30.)  Based on that evidence, the ALJ found

26   that plaintiff's alleged mental conditions were "nonsevere."  (See <u>id.</u>)  Moreover, the

27   _____

28   405(g).

                                          2

1  ALJ's RFC determination included no limitations in mental functioning.  (See 1 AR
2  27.)

3

4  B.    Analysis

5        Plaintiff claims that the ALJ erred by failing to incorporate in his RFC
6  determination the limitations reflected in Dr. Johnson's limitation of plaintiff to
7  simple tasks with one and two part instructions.  (See Jt Stip at 4.)[2]

8        To reject the uncontradicted opinion of an examining physician, an ALJ must
9  provide "clear and convincing" reasons.  Where, as in this case, the examining
10 physician's opinion is contradicted by that of another doctor, the ALJ must provide
11 "specific and legitimate" reasons that are supported by substantial evidence in the
12 record.  See Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012); Regennitter v.
13 Commissioner of Social Sec. Admin., 166 F.3d 1294,1298-99 (9th Cir. 1999); Lester
14 v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035,
15 1041 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.
16 2005).

17       Here, the ALJ cited Dr. Johnson's opinion as the basis for his finding that
18 plaintiff's alleged mental conditions were "nonsevere" while implicitly rejecting,
19 without explanation, the parts of Dr. Johnson's opinion limiting plaintiff to simple
20 tasks with one and two part instructions.  The Commissioner raises various arguments
21 for why the ALJ's evaluation of Dr. Johnson's opinion did not constitute reversible

22 _____

23       [2]    To the extent that plaintiff also appears to be arguing that the ALJ's RFC
24 determination should have incorporated the opinion of plaintiff's treating physician,
   Dr. Pakier, that plaintiff "was unable to function or work in any capacity" (see Jt Stip
25 at 3, 4; see also 2 AR 895), the Court disagrees.  The Court finds that the ALJ
26 properly gave little weight to Dr. Pakier's opinion because plaintiff did not have a
   long term treating relationship with him and because Dr. Pakier qualified his opinion
27 by noting that a prognosis was "impossible" because plaintiff failed to attend later
28 appointments.  (See 1 AR 25; 2 AR 895-96.)

1  error, each of which the Court rejects.

2       Initially, the Commissioner argues that the ALJ made a proper RFC

3  determination based on the opinions of Dr. Johnson and Dr. Amado because the

4  record contained "very little evidence of any ongoing mental health treatment" and

5  because "there was an absence of medical evidence regarding mental complaints" for

6  the relevant period. (See Jt Stip at 6, 7.)  However, the Commissioner's summary of

7  the evidence does not persuade the Court that the ALJ was free to ignore Dr.

8  Johnson's specific recommendation that plaintiff perform simple tasks with one and

9  two part instructions.  Rather, the Commissioner's summary merely confirms the

10 existence of an ambiguity in the evidence that the ALJ had a duty to resolve through

11 proper development of the record.  See Tonapetyan v. Halter, 242 F.3d 1144, 1150

12 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is

13 inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to

14 conduct an appropriate inquiry.") (citations omitted).

15      Next, the Commissioner argues that Dr. Johnson did not limit plaintiff only to

16 simple tasks, but instead found she could perform "at least" simple tasks.  (See Jt Stip

17 at 8.)  However, nowhere in his opinion did Dr. Johnson use the phrase "at least."

18 (See 2 AR 794-97.)[3]  Even if Dr. Johnson had qualified his opinion with the phrase

19 "at least," the opinion still would have been ambiguous, triggering the ALJ's duty to

20 conduct an appropriate inquiry.

21      Finally, the Commissioner argues, for two separate reasons, that any error was

22

23      [3]    It was Dr. Amado, the non-examining physician, who opined that the

24 evidence established plaintiff could perform "at least simple tasks."  (See 2 AR 808.)
   This part of Dr. Amado's opinion could not serve as substantial evidence to support

25 the ALJ's RFC determination because it was not consistent with other evidence in the

26 record.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions

27 of non-treating or non-examining physicians may also serve as substantial evidence
   when the opinions are consistent with independent clinical findings or other evidence

28 in the record.").

harmless because the jobs identified by the ALJ at step five of the sequential evaluation process can be performed by a worker with all of the limitations assessed by Dr. Johnson. (See Jt Stip at 9-10.)  First, the Commissioner argues that all three of the jobs identified by the ALJ can be performed by a worker limited to "simple" tasks because all of the jobs have a specific vocational preparation ("SVP") level of "two," an indication of unskilled work.  (See Jt Stip at 9; see also Dictionary of Occupational Titles ["DOT"] Nos. 706.684-022 [bench assembler], 237.367-046 [telephone information clerk], 205.367-014 [charge account clerk].)   The Court disagrees because an occupation's SVP level, which measures the amount of time it takes for a worker to learn a job's duties, is not a proper measurement for whether sustained performance of the job entails the performance of simple tasks. See Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) ("[C]ontrary to the Commissioner's argument here, the SVP level in a DOT listing indicating unskilled work, does not address whether a job entailed only simple, repetitive tasks."). Second, the Commissioner argues that one of the jobs identified by the ALJ (i.e., bench assembler) can be performed by a worker limited to "simple" tasks because it only requires Reasoning Level 2. The Court disagrees because the Commissioner has ignored the additional limitation to "one and two part instructions," which is inconsistent with Reasoning Level 2 and consistent with Reasoning Level 1.  See, e.g., Ruiz v. Colvin, 2013 WL 3878957, at *3 (C.D. Cal. July 26, 2013) ("A limitation to simple one and two step tasks is inconsistent with Reasoning Level Two."); Cardoza v. Astrue, 2011 WL 1211469, at *2 (C.D. Cal. Mar. 29, 2011) (finding limitation to one and two-step repetitive work tasks would preclude jobs requiring Level 2 reasoning skills); Grigsby v. Astrue, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010).

The Court therefore finds that the ALJ erred in his RFC determination and that the error was not harmless.

//

**CONCLUSION**

1

2       The law is well established that the decision whether to remand for further

3   proceedings or simply to award benefits is within the discretion of the Court. See,

4   e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan,

5   888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.

6   1981).  Remand for the payment of benefits is appropriate where no useful purpose

7   would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d

8   525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.

9   Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

10  delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

11  Remand for further proceedings is warranted where additional administrative

12  proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d

13  1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for further proceedings

14  also is warranted "where there outstanding issues that must be resolved before a

15  determination can be made, and it is not clear from the record that the ALJ would be

16  required to find the claimant disabled if all the evidence were properly evaluated."

17  See Hill, 698 F.3d at 1162.

18      Here, plaintiff argues she is entitled to an award of benefits because the third

19  hypothetical question posed to the vocational expert, which incorporated a limitation

20  to simple tasks, resulted in a finding of no available work.  (See Jt Stip at 4, 12-13;

21  see also 1 AR 70.)  The Court disagrees because the third hypothetical question also

22  incorporated limitations, such as additional breaks, which the ALJ omitted from his

23  RFC determination because they were not supported by substantial evidence (see 1

24  AR 27, 70), an omission which plaintiff does not properly challenge.  Although

25  plaintiff argues that the ALJ's selective adoption of limitations from the third

26  hypothetical question "represents further error on the part of the ALJ" (see Jt Stip at

27  13), the Court disagrees.  See Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir.

28  2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that

6

1  are not supported by substantial evidence."). Accordingly, the Court finds that the
2  appropriate remedy here is remand for further proceedings. See Hill, 698 F.3d at
3  1162 (where an ALJ's RFC determination was flawed, the appropriate remedy was
4  remand for further administrative proceedings).

5       There is one more issue to be addressed. In the Relief Requested section of the
6  Joint Stipulation, plaintiff requests, in the event of a remand for further proceedings,
7  the reassignment of the case to a different ALJ. (See Jt Stip at 13.) The Court infers
8  from the foregoing request that plaintiff believes that the ALJ who originally heard
9  this matter should be recused for bias.

10      The district court's jurisdiction and the applicable standard of review in
11  individual social security cases is set forth in 42 U.S.C. § 405(g), which provides that
12  in individual review cases, district courts have jurisdiction to review the
13  Commissioner's denial of benefits, and that in such cases the district court's fact-
14  finding role is limited to affirming the Commissioner's findings if supported by
15  substantial evidence.

16      Here, since plaintiff failed to raise the issue of the ALJ's alleged bias in her
17  request for review (see 1 AR 15-17), the Appeals Council's denial of plaintiff's
18  request for review and adoption of the ALJ's decision as the Commissioner's final
19  decision in the case cannot reasonably be construed as encompassing a finding that
20  the ALJ was not biased. The Court therefore concludes that its fact-finding
21  jurisdiction at this juncture does not extend to making any factual findings on the
22  issue of the ALJ's alleged bias.

23      On remand, if the Commissioner chooses to order a further administrative
24  hearing before the same ALJ, plaintiff will have recourse under the regulations to
25  seek the ALJ's disqualification. See 20 C.F.R. § 404.940. If the ALJ then refuses to
26  step aside, and again rules adversely to plaintiff, plaintiff can include her objections
27  to the ALJ as reasons why the hearing decision should be revised or a new hearing
28  held before another ALJ in her appeal to the Appeals Council. (See id.) If the

Appeals Council then rejects plaintiff's appeal, plaintiff will be entitled to judicial review of that decision (which then will encompass the rejection of plaintiff's bias claim).

**ORDER**

IT THEREFORE IS ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: <u>December 18, 2013</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4]      It is not the Court's intent to limit the scope of the remand.

8